IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | | |
|---|---|---|
| CHARLES T. BROCK and wife BARBARA BROCK, | ) | |
| Plaintiffs, | ) | STATE COURT DOCKET NO. 15,966 |
| vs. | ) | FEDERAL DOCKET NO. ____________ |
| ALLSTATE INDEMNITY COMPANY, | ) | |
| Defendant. | ) | |

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

COMES now the Defendant, ALLSTATE INDEMNITY COMPANY, by and through its attorney, pursuant to 28 U.S.C. § 1441, et seq., and removes the above-styled action to Federal Court and states as follows:

1. The above-styled action was commenced by Plaintiffs by filing a Complaint on or about July 17, 2007, before the Circuit Court of Claiborne County, Tennessee. A copy of the Complaint is attached to this Notice as Exhibit "A".

2. On July 23, 2007, the Defendant was served with a summons and a copy of the Complaint by personal service. A copy of the summons showing service is attached hereto as Exhibit "B".

3. In the Complaint, the Plaintiffs assert a claim for damages in excess of $75,000.00.

4. The Defendant is the only Defendant named in Plaintiffs' Complaint. At the time of the commencement of this action, the Plaintiffs were, and are now, believed to be citizens and residents of the State of Tennessee. The Defendant was, and is now, a corporation organized and

existing under the laws of the State of Illinois with its principal place of business in Northbrook, Illinois.

5. As a result of the complete diversity of the parties and the fact that the Plaintiffs have sued the Defendant in an amount which Defendant believes the Plaintiffs will claim more than the jurisdictional limit of the Court exclusive of costs and interests, the Defendant submits that, pursuant to 28 U.S.C. § 1441, et seq., it is entitled to have this action moved to this Court.

6. Less than thirty (30) days have elapsed since the Defendant was served with the summons and a copy of the Complaint in the above-styled action.

WHEREFORE, the Defendant removes the above-styled action from the Circuit Court of Claiborne County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Northern Division, at Knoxville.

ALLSTATE INDEMNITY COMPANY

By: ______________________
GREGORY F. COLEMAN
BPR No. 014092
Attorney for Defendant
COLEMAN& EDWARDS, P.C.
4800 Old Kingston Pike, Suite 120
Knoxville, Tennessee 37919
Telephone: (865) 247-0080

**CERTIFICATE OF SERVICE**

I certify that a true and exact copy of the foregoing has been served upon Lee Dan Stone III, Attorney for Plaintiffs, Post Office Box 281, Tazewell, Tennessee 37879, by placing same in the United States Mail, postage prepaid, this the 20 day of August, 2007.

______________________
GREGORY F. COLEMAN



COPY

**IN THE CHANCERY COURT FOR CLAIBORNE COUNTY, TENNESSEE**

**AT TAZEWELL**

**CHARLES T. BROCK and wife,**
**BARBARA BROCK,**
**citizens and residents of**
**1084 Snodgrass Road,**
**New Tazewell, TN 37825-4906,**

**Plaintiffs**

**vs.** **Case No.** 15,966

**ALLSTATE INDEMNITY COMPANY,**
**an Illinois corporation with home offices**
**at 2775 Sanders Road, Northbrook, IL**
**60062,**

**Defendant**

FILED
THIS 17 DAY OF July, 2007
AT 11:00 AM/PM
Frances Cardwell, C & M

# COMPLAINT

Comes the plaintiffs and for their cause of action state:

1. That Charles T. Brock and Barbara Brock on July 20, 2006, were the owners of a certain tract or parcel of land located at 5355 Lone Mountain Road, New Tazewell, Tennessee, which was improved by a residential dwelling. That on November 13, 2006, Allstate Indemnity Company, an Illinois corporation with principal offices at 2775 Sanders Road, Northbrook, Il 600062, doing business in the State of Tennessee, hereinafter referred to as the insurance company, issued a deluxe homeowners policy to the Brocks, hereinafter referred to as the plaintiffs, covering and providing insurance for the residence and contents in the residence in the amount of Ninety-Eight Thousand, Five Hundred Dollars ($98,500.00) on said residence and Seventy-One Thousand and Fifty Dollars ($71,050.00) for insurance on personal property with living expense up to twelve (12) months and other coverage. That said coverage contained a deductible provision.

- EX. A

2. That the policy had been in force in excess of ninety (90) days from the issuance of same, and same was a valued policy under the laws of the State of Tennessee.

3. That on July 20, 2006, the residence and contents were totally destroyed by fire which was a covered peril under the insurance policy.

4. At the time of the loss, the insurance policy, being Policy #9 30 858049 11/13. That same was a renewal policy of a previous policy written by said insurance company.

5. The plaintiffs, after said loss, promptly notified the insurance company pursuant to the policy provisions and filed a proof of loss as required by the policy and gave a statement under oath at the request of the insurance company and complied with all the terms and conditions of the policy of insurance issued by said insurance company.

6. That on December 12, 2006, the defendant insurance company denied payment of claim to the plaintiffs and refused to honor and pay the sums to which the plaintiffs were entitled under the insurance policy written by the insurance company and have continued to refuse payment of same.

7. That on January 12, 2007, the defendant insurance company was given notice pursuant to TCA 57-7-105, and the plaintiffs advised the defendant of their claim for bad faith and failure to pay the claim promptly and the penalties provided under TCA 57-7-105 and also notice to the defendant that the policy issued by the defendant was a valued policy at the time of the loss pursuant to TCA 56-7-801. That the defendant was notified of the bad faith claim by certified letter on January 22, 2007.

8. Said certified letter was received by the insurance carrier and company and defendant in this action on January 22, 2007. Under said letter, Allstate Indemnity Company, the

defendant, was also given notice that Wells Fargo/Wells Fargo Home Mortgage was the mortgage holder on said property and was named as the mortgagee as well as Wells Fargo Bank or its assigns, being Loan #0141846741.

9. On or about February 13, 2007, the plaintiffs received notice that due to nonpayment of the mortgage payments that foreclosure proceedings would be started due to the default in payments and declared and demanded that the entire balance due on the Deed of Trust was due and payable.

10. That due to the fact that the fire loss had occurred that the residence was totally destroyed by fire and their contents and the fact that the defendant had failed and refused to pay additional living expense and other benefits under the terms of the policy, the plaintiffs could not service the loan. That on January 13, 2007, a letter was forwarded by fax to Wells Fargo Home Mortgage advising Wells Fargo that the house had been destroyed by fire and was insured by Allstate explaining to Wells Fargo the reason for the delinquencies and that payments were not being made and that demand was being made upon the insurance company to pay the mortgage to stop any foreclosure proceedings.

11. On or about March 25, 2007, the plaintiffs received a letter from Wilson and Associates, PLLC, of 1521 Merrill Drive, Suite D-220, Little Rock, Arkansas 72211, a notice of foreclosure on said property with a notice of Trustee's Sale.

12. And on March 5, 2007, a copy of said notice was forwarded to the insurance company stating that due to the fact that Allstate had notice of the mortgage and was obligated to pay the lender based upon the representations of the insurance carrier that said mortgage would be paid and it would be timely paid to stop the foreclosure on said property and to keep the plaintiffs from losing the land which they owned.

13. On February 19, 2007, the insurance company issued a check to Wells Fargo Bank for the payoff on the mortgage in the amount of Eighty-Five Thousand, Six Hundred and Sixty-Seven Dollars and Fifty-Five Cents ($85,667.55). That at the time of the issuance of said check, same was not delivered to Wells Fargo or Wilson and Associates who were in the process of foreclosure so as to promptly stop the foreclosure on the plaintiffs' property. That it was represented to the plaintiffs that the foreclosure would not take place due to the fact that the payoff was being processed to pay off said loan. A copy of said check is hereto attached as Exhibit 1 to this complaint. That on March 29, 2007, the property was foreclosed on by Wells Fargo and a Trustee's Deed and said property was bid in by Wells Fargo Bank, N.A. for the sum of Nine Thousand Dollars ($9,000.00) which resulted in the plaintiffs' interest being divested out of said property and into Wells Fargo Bank due to the fact that the insurance company had not transmitted the check when issued for the payoff amount. That said Trustee's Deed was recorded in the Register of Deeds Office of Claiborne County, Tennessee, on April 9, 2007.

14. That numerous demands were made upon Wells Fargo and Wilson and Associates to redeed the property to the Brocks but they failed and refused to do so.

15. That after numerous negotiations, phone calls, and demands made by the Brocks by and through their attorney, Wilson and Associates forwarded a payoff form to the plaintiffs by fax the agent for Wells Fargo that at that time the total payoff was Ten Thousand, Six Hundred and Thirty-Nine Dollars and Forty-Four Cents ($10,639.44) in addition to the Eighty-Five Thousand, Six Hundred and Sixty-Seven Dollars and Fifty-Five Cents ($85,667.55) that was previously paid by Allstate after the foreclosure took place. That the Ten Thousand, Six Hundred and Thirty-Nine Dollars and Forty-Four Cents ($10,639.44) was promptly forwarded to

Wilson and Associates to payoff the unjust amount claimed by Wilson and Associates for the Brooks to have the property deeded back to them.

16. That Wilson and Associates, acting on behalf of Wells Fargo, received many demands from the plaintiffs' attorney and other demands through Allstate's attorney to release the lien and redeed the property to the plaintiffs who were the rightful owners of said property. That the demands were not complied with after the full payment of all indebtedness owed even though payment was not a just amount, and that on June 29, 2007, a further demand was made of Wells Fargo to redeed the property to the Brocks which was faxed to Wells Fargo and sent also by mail demanding that the property be redeeded and released. As of the time of the filing of this complaint, Wells Fargo has refused to comply with the request and that the property is still in the name of Wells Fargo. That Wells Fargo has completed refused and ignored the demands after their agents allegedly settled said matter and agreed to redeed the property to the Brocks after the payment of the additional sums which Wilson and Associates demanded on behalf of themselves and Wells Fargo.

17. The plaintiffs would show that the defendant insurance company is obligated to pay to the plaintiffs the total amount of the insurance coverage under said policy in the amount of Ninety-Eight Thousand, Five Hundred Dollars ($98,500.00) less the amount of the mortgage payments made to Wells Fargo. In addition to said sum based upon the insurance company's own calculations after the filing of the proof of loss, the plaintiffs are entitled to receive a judgment against the said insurance company in the amount of Thirty-Four Thousand, One Hundred and Seventy-Six Dollars and Sixty-Nine Cents ($34,176.69) plus additional living expense to which they are entitled and debris removal and all other benefits under said policy plus the penalties provided under TCA 57-7-105.

**PREMISES CONSIDERED, PLAINTIFFS PRAY:**

1. That process issue.

2. That upon a hearing of this cause, the plaintiffs be paid the difference between the valued policy, Ninety-Eight Thousand, Five Hundred Dollars ($98,500.00), and the amount paid to Wells Fargo by the defendant.

3. That they be compensated for their household goods and furnishings in the amount of Thirty-Four Thousand, One Hundred and Seventy-Six Dollars and Sixty-Nine Cents ($34,176.69) plus additional living expense to which they are entitled and any and all other benefits in said policy and bad faith penalties under TCA 57-7-105.

4. That they have general relief.

This 17 day of July, 2007.

CHARLES T. BROCK

BARBARA BROCK

Plaintiffs

LEE DAN STONE, III,
Attorney for Plaintiffs/ci
BPR: #2205
P.O. Box 281
Tazewell, TN 37879
423-626-5255

STATE OF TENNESSEE )
) ss.
COUNTY OF CLAIBORNE )

CHARLES T. BROCK, made oath before the undersigned in due form of law that the statements contained in the foregoing complaint are true to the best of his knowledge, information and belief, and that the complaint is not made out of levity or by collusion but for sincerity and truth and for the purposes contained therein.

CHARLES T. BROCK

Sworn to and subscribed before me this 17th day of July, 2007.

NOTARY PUBLIC

My Commission Expires: 4/21/09

MELISSA ANN HOUSE STATE OF TENNESSEE NOTARY PUBLIC CLAIBORNE COUNTY

STATE OF TENNESSEE )
) ss.
COUNTY OF CLAIBORNE )

BARBARA BROCK, made oath before the undersigned in due form of law that the statements contained in the foregoing complaint are true to the best of her knowledge, information and belief, and that the complaint is not made out of levity or by collusion but for sincerity and truth and for the purposes contained therein.

BARBARA BROCK

Aug. 8. 2007 10:46AM allstate No. 2399 P. 12

Sworn to and subscribed before me
this 17th day of July, 2007.

Melissa Ann House
NOTARY PUBLIC

My Commission Expires: 4/21/09

MELISSA ANN HOUSE STATE OF TENNESSEE NOTARY PUBLIC CLAIBORNE COUNTY

**COST BOND**

We, the undersigned, do hereby acknowledge ourselves as sureties for the cost of this cause, not to exceed $500.00.

Charles T. Brown

Barbara J. Brock

EXHIBIT 1

INSURED: CHARLES BROCK

IN PAYMENT OF PAYOFF OF LOAN # [illegible] CHARLES BROCK

| POLICY NUMBER | CLAIM NUMBER | |
|---|---|---|
| [illegible] | [illegible] | |
| TAX ID | DESK LOC | EMPLOYEE ID |
| [illegible] | 0R9 | K45V |

Bank of America NA, Atlanta, DeKalb Co., Georgia — Bank of America Customer Connection

64-1278
611

PAY: EIGHTY-FIVE THOUSAND SIX HUNDRED SIXTY-SEVEN DOLLARS AND FIFTY-FIVE CENTS

85,667.55

**Allstate**

| INVOICE NUMBER | MCO | DATE ISSUED |
|---|---|---|
| | 4300 | 02/19/2007 |

157131541

TO THE ORDER OF

WELLS FARGO BANK
6204 BAUM DR
KNOXVILLE TN 37919

| COMPANY NAME |
|---|
| ALLSTATE INDEMNITY COMPANY |

Joan M. Crockett
Samuel H. Pilch

AUTHORIZED SIGNATURES

VOID IF NOT PRESENTED WITHIN THREE HUNDRED, SIXTY-FIVE DAYS OF DATE OF ISSUE

⑈157131541⑈ ⑆061112788⑆ 329 911 956 2⑈

THE ORIGINAL DOCUMENT HAS [illegible] WATERMARK ON THE BACK — DO NOT CASH IF WATERMARK IS NOT VISIBLE

Aug 8 2007 10:46AM allstate No 2398 P 14

639/685853 SER

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
07/27/2007
Log Number 512442615

TO: Kim Turner
Allstate Insurance Company - Nashville MCO
555 Marriott Drive, Suite 650
Nashville, TN, 37214

RE: **Process Served in Tennessee**

FOR: ALLSTATE INDEMNITY COMPANY (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Charles T. Brock and Barbara Brock, Pltfs. vs. Allstate Indemnity Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Attachment |
| **COURT/AGENCY:** | Claiborne County Chancery Court, TN<br>Case # 15956 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed for property damage due to fire |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/27/2007 postmarked on 07/25/2007 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of the summons, exclusive of the date of service |
| **ATTORNEY(S) / SENDER(S):** | Lee Dan Stone, III<br>P.O. Box 281<br>Tazewell, TN, 37879<br>423-626-5255 |
| **REMARKS:** | Process served/received by the Insurance Commissioner on 07/23/07, and mailed to CT Corporation System on 07/27/07. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 798728484285<br>Email Notification, Patti Garil pgarq@allstate.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 800 S. Gay Street<br>Suite 0221<br>Knoxville, TN, 37929-9710 |
| **TELEPHONE:** | 865-342-3522 |

ReceiveD
JUL 30 2007
NASHVILLE MCO

Page 1 of 1 / EF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

Ex B



Aug. 8. 2007 10:44AM allstate No. 2399 P. 2



STATE OF TENNESSEE
**DEPARTMENT OF COMMERCE AND INSURANCE**
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

July 25, 2007

Allstate Indemnity Company % C T Corp.
800 South Gay Street, Ste 2021
Knoxville, TN 37929-9710
NAIC # 19240

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7006 2150 0004 6620 9307
Cashier # 4601

Re: Charles & Barbara Brock V. Allstate Indemnity Company % C T Corp.

Docket # 15966

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Complaint was served on me on July 23, 2007 by Charles & Barbara Brock pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Chancery Court of Claiborne County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
Claiborne County
P O Box 180
Tazewell, Tn 37879

IN THE CHANCERY COURT FOR CLAIBORNE COUNTY, TENNESSEE

AT TAZEWELL

CHARLES T. BROCK and wife,
BARBARA BROCK,
Plaintiffs

vs. Case No. 15966

ALLSTATE INDEMNITY COMPANY,
Defendant

## SUMMONS

**To the above-named defendant: ALLSTATE INDEMNITY COMPANY**
**SAME MAY BE SERVED UPON THE COMMISSIONER OF INSURANCE FOR TENNESSEE**

You are hereby summoned and required to serve upon Lee Dan Stone, III, plaintiffs' attorney, whose address is 1749 Main Street, P.O. Box 281, Tazewell, Tennessee 37879, an answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. A copy of the answer must be filed with the Court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this 17 day of July, 2007.

Frances Cardwell
CLERK

C L S
DEPUTY CLERK

## NOTICE

**To the defendant: ALLSTATE INDEMNITY COMPANY**
**SAME MAY BE SERVED UPON THE COMMISSIONER OF INSURANCE FOR TENNESSEE**

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek legal counsel.

## SERVICE INFORMATION

To the Process Server:

Defendant can be served at:

- **ALLSTATE INDEMNITY COMPANY, DEFENDANT AN ILLINOIS CORPORATION WITH HOME OFFICES AT 2775 SANDERS ROAD, NORTHBROOK, IL 60062**
- **SAME MAY BE SERVED UPON THE COMMISSIONER OF INSURANCE FOR TENNESSEE**

## RETURN

I received this summons on the ____ day of __________, 2007.

I hereby certify and return that on the _____ day of __________, 2007, I:

( ) served this summons and a complaint on defendant, ____________, in the following manner: ______________________________________________

______________________________________________

( ) failed to serve this summons within 30 days after its issuance because ____________

______________________________________________

______________________
Process Server